# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JENNINGS FREEMAN** | **CIVIL ACTION NO. 05-0483** |
| **VERSUS** | **JUDGE HAIK** |
| **TRUSSCO, INC.** | **MAGISTRATE JUDGE METHVIN** |

### RULING ON MOTION TO COMPEL
*(Rec. Doc. 17)*

Before the court is the motion to compel filed by plaintiff Jennings Freeman on June 14, 2006.[1] The motion is opposed by defendant Trussco, Inc.,[2] and plaintiff has filed a reply to Trussco's opposition brief.[3] For the following reasons, the motion is **GRANTED IN PART.**

### *Factual Background*

This personal injury lawsuit was filed by plaintiff Jennings Freeman to recover damages for injuries he sustained while employed by Trussco as a seaman working aboard Trussco's fleet of barges. On March 17, 2004, plaintiff alleges that he was using a high pressure hose to clean a barge moored next to Trussco's supply vessel. Plaintiff alleges that he was not given protective equipment, including protective footwear, to wear while performing this task, and that as he performed this job, the high pressure hose slipped in his hands, and a stream of high pressure crossed his left foot, causing severe injury.

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 22.

[3] Rec. Doc. 24.

*Motion to Compel*

**1.     Witnesses for Depositions**

In its motion, plaintiff argues that Trussco has refused to designate witnesses for deposition and to provide deposition dates for its employees and/or witnesses under its control. This issue is moot, however, because since the filing of the instant motion, plaintiff and Trussco have agreed to depose Trussco's witnesses on July 26, 2006. Nevertheless, plaintiff seeks attorney's fees in connection with the filing of his motion to compel on this issue, in light of the fact that Trussco did not agree to produce witnesses until after plaintiff filed his motion. The undersigned concludes that, given these circumstances, plaintiff is entitled to attorney's fees.

**2.     Inspection of Rig 69**

Plaintiff seeks an order compelling Trussco to make Rig 69, the rig on which plaintiff was injured, available for inspection. In its opposition brief, however, Trussco argues that it does not own Rig 69 and therefore does not have custody or control over it and cannot produce it for inspection. In its reply brief, plaintiff states that he did not know until the opposition was filed that Trussco does not own Rig 69, and he therefore concedes that Trussco cannot make Rig 69 available for inspection. However, plaintiff also seeks to inspect the vessel that transported him to Rig 69, and argues that Trussco has never responded to this request. Plaintiff should be permitted to inspect the vessel that transported him to Rig 69. Assuming Trussco owns the vessel, it shall make it available for inspection. Considering the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel on this issue is **GRANTED.** Trussco shall make the vessel that transported plaintiff to Rig 69 available for inspection *within thirty days of the date of this order.*

**3.     Production of Documents**

Plaintiff seeks medical records pertaining to the plaintiff that it believes Trussco is withholding, more complete responses to Interrogatories Numbers 1-7, 10-12, 14-15, and 17-18, and more complete responses to Requests for Production Numbers 5-19 and 22-23.  Trussco states in its opposition brief that it has produced all medical records arising from plaintiff's injury and recuperation and that it does not have medical records that it has not disclosed.  However, Trussco does not address its failure to fully and completely respond to the aforementioned interrogatories and requests for production of documents.  Considering the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel on the issue of incomplete discovery responses is **GRANTED**.  Trussco shall provide full and complete responses to plaintiff's Interrogatories Numbers 1-7, 10-12, 14-15, and 17-18 and Requests for Production Numbers 5-19 and 22-23 *within ten days of the date of this order.*

**IT IS FURTHER ORDERED** that, pursuant to F.R.Civ.P. 37(a)(4), defendant Trussco shall pay the attorney's fees and costs incurred in connection with the filing and prosecution of those portions of the motion to compel that are herein granted.  Mover's counsel shall file an affidavit of fees and costs into the record *on or before August 8, 2006* in order to assist the court in the assessment of a reasonable fees and costs award.  The affidavit(s) shall contain: (1) the customary hourly rate of each attorney and paralegal involved; (2) a detailed description of each task completed, and a statement of the amount of time expended upon each task; and (3) an itemized list of expenses incurred.  *Failure to file the affidavit in the form required and/or within the deadline imposed will render the award null and void.*

**IT IS FURTHER ORDERED** that objections to the affidavit shall be filed on or before *August 15, 2006.*

The Clerk of Court shall notice any affidavit filed for consideration on the undersigned's September 2006 motion calendar as a "motion for assessment of Rule 37(a)(4) fees and expenses."

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed in chambers on July 28, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)