RECEIVED
AUG 3 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JENNINGS FREEMAN | CIVIL ACTION NO. 05-0483 |
| VERSUS | JUDGE HAIK |
| TRUSSCO, INC. | MAGISTRATE JUDGE METHVIN |

## RULING ON AMOUNT OF RULE 37(a)(4) SANCTIONS

On July 28, 2006, the undersigned magistrate judge granted the motion to compel filed by plaintiff Jennings Freeman ("Freeman") against defendant Trussco, Inc. ("Trussco").[1] Freeman was ordered to file a motion for attorney's fees and costs incurred in bringing the motion to compel so that the court could make an appropriate award of attorney's fees. Freeman's motion is now before the court.[2] It is opposed by Trussco.[3]

Rule 37(a)(4) FED. R. CIV. P. provides that when a motion to compel is granted the court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including a reasonable attorney's fee. Reasonable attorneys' fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232

---

[1] See Ruling on Motion to Compel, Rec. Doc. 26.

[2] Rec. Doc. 27.

[3] Rec. Doc. 32.

(1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). Reasonable costs are costs which would ordinarily be charged to a fee-paying client. Associated Builders and Contractors of Louisiana, Inc. v. Orleans Parish School Board, 919 F.2d 374, 379 (5th Cir. 1990).

Freeman seeks $1,522.50 in fees in connection with the filing of the motion to compel, which includes 7.25 hours billed by attorney Chadwick Collings at a rate of $210.00 per hour. Trussco objects to the motion on several grounds, including: (1) Mr. Collings double-billed for a review of the local rules in preparation for filing the motion to compel, yet he did not comply with any local rule in filing the motion; (2) Mr. Collings failed to submit a mandatory contemporaneous time report reflecting the date, time, and nature of services involved, but rather submitted a summary itemization of claimed attorney's fees; (3) Mr. Collings seeks an unreasonable hourly rate of $210.00, given that he practices in Slidell, Louisiana and not New Orleans, Louisiana as he claims; and (4) Trussco's discovery responses were not inadequate, and all discovery disputes in this matter have arisen from plaintiff's misunderstanding of oil and gas law, and specifically, his failure to understand that Trussco does not own the unidentified crew boat in question and cannot, therefore, produce it for inspection.

1. **Documentation of Hours Billed**

The undersigned agrees with Trussco that Freeman's motion for fees is improperly documented. In particular, the amount of time expended on each task was not properly itemized. The Fifth Circuit frowns on consolidating individual items into one large block of time for each day. Conner v. Mid South Insurance Agency, Inc., 943 F.Supp. 663, 666 (W.D. La 1996) (Little,

J.), citing Leroy, 906 F.2d at 1080. Courts may exclude hours that are insufficiently documented and should not award attorney's fees unless the prevailing party presents sufficiently detailed records that the time expended and the need for services are clearly established. Bode v. United States, 919 F.2d 1044, 1047 (5th Cir. 1991). The remedy for failure to submit bills containing complete details is not preclusion, but rather, reduction of the fees and costs claimed. In Hensley, *supra*, the United States Supreme Court stated that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51; Von Clark v. Butler, 916 F.2d 255, 259 (5th Cir. 1990); Leroy, 906 F.2d at 1068.

Based on the improperly grouped items, as well as the fact that in at least one instance, counsel double-billed for a review of the local rules, the undersigned concludes that a 15% reduction of the fees claimed is appropriate. Hensley, 461 U.S. at 433, 103 S.Ct. at 1939. See also Freiler v. Tangipahoa Parish Board of Education, 185 F.3d 337, 348 (5th Cir. 1999) (10% reduction appropriate to reflect "possible redundancy and work which in hindsight may have been unnecessary, even where records submitted contained sufficient detail to determine time expended). Thus, the number of claimed hours is hereby reduced from 7.25 to 6.25.

2.     **Mr. Collings's Hourly Rate**

Furthermore, the undersigned concludes that the hourly rate sought by Mr. Collings is unreasonable. Attorneys' fees are to be calculated at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. Tasch, Inc. v. Unified Staffing & Associates, Inc., 2004 WL 1857640, *3 (E.D.La. 2004), citing Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "For

the purposes of determining lodestar for attorney fees, relevant 'community' is one in which [the] district court sits regardless of [the] fact that much of the work must be performed away from district court's community or that high-priced attorneys come into jurisdictions with much lower market rates ···" Tasch, 2004 WL 1857640, *3, citing Donnell v. United States, 240 F.2d 682 (D.C.Cir.1982). As the court noted in Tasch:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987). Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Blum*, 465 U.S. at 896 n. 11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley*, 461 U.S. at 439 n. 15.

2004 WL 1857640, *3.

Interestingly, in the Tasch case, the attorney's fees award at issue was a fee sought by Mr. Collings himself. In the Tasch case, decided in 2004, Mr. Collings sought an hourly rate of $150.00 per hour, a rate that, at the time, Mr. Collings believed "to be a competitive rate in the greater New Orleans area given his experience," a claim he also makes in the instant case to support his requested $210.00 hourly rate. Mr. Collings's request for the $150.00 hourly rate was further supported by an affidavit from another attorney from the Slidell area, Mr. William Faustermann, who attested that he is an attorney who has practiced in Slidell for twenty-four years and that his hourly rate at that time was $190.00 per hour. After undertaking a detailed discussion of the prevailing market rate in Slidell, and noting that Mr. Faustermann believed that Mr. Colling's hourly rate of $150.00 per hour was an appropriate rate for the Slidell area, the

Tasch court ruled that $150.00 was a reasonable hourly rate for Mr. Collings. Tasch, 2004 WL 1857640, *4.

The Tasch decision was rendered almost exactly two years ago, on August 18, 2004. Considering that Mr. Collings has only two more years of experience than he did at the time of the Tasch decision, that the prevailing market rate in Lafayette, Louisiana fluctuates between $125.00 and $150.00, that defense counsel has practiced in the Lafayette area for twenty-eight years and bills this case at a rate of $125.00 per hour, and, finally, that Mr. Collings has 8 years of experience practicing law, the undersigned concludes that $125.00 is a more reasonable hourly rate for Mr. Collings in this case. The undersigned further notes that the fee award that this will afford the plaintiff, $781.25, is much more in line with the fee awards that are typically awarded on motions to compel in this district.

**IT IS THEREFORE ORDERED** that Trussco, Inc. shall forward payment to Freeman Jennings through his counsel of record, Chadwick Collings, the sum of $781.25 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana on August 31, 2006.

Mildred E. Methvin

United States Magistrate Judge