RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/14/06

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JENNINGS FREEMAN | * | CIVIL ACTION NO. 05-0483 |
| VERSUS | * | JUDGE RICHARD T. HAIK |
| TRUSCO, INC. | * | MAG. JUDGE METHVIN |

### RULING

Before this Court is a Motion for Partial Summary Judgment (Doc.#15) by Trusco, Incorporated seeking to dismiss, in their entirety, the claims asserted by the plaintiff, Jennings Freeman, seeking seaman status pursuant to 46 U.S.C. section 688, et. seq. After a full review of the record and being fully advised in the premises, the Motion for Summary Judgment is **GRANTED** for the following reasons:

Rule 56(c) of the Federal Rules of Civil Procedure states that "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as the any material fact and that the moving party is entitled to a judgment as a matter of law."

In this case, Freeman filed a Complaint (Doc.#2) against his employer, Trusco, asserting:

> IV.
> At all relevant times, and specifically on or about March 17, 2004, defendant, Trussco, Inc., owned and/or operated, had under its control, a fleet of barge vessels, and a supply vessel, in navigation in the Gulf of Mexico. Petitioner, Jenning Freeman, a seaman, spent a substantial amount of time during his employment with defendant, Trussco, contributing to the mission and function of the vessels owned and/or operated by defendant, Trussco, Inc.

Trusco filed a Motion for Partial Summary Judgment contending that Freeman is not a Jones Act Seamen pursuant to 46 U.S.C. 688, et. seq. In order to achieve the status of a seaman, an

individual must have an "employment related connection to a vessel in navigation" <u>Chandris v. Latsis</u>, 515 U.S. 347 (1995) The employment related connection has two elements. First, the worker's duties must contribute to the mission of a vessel. Second, the worker must have a connection to that vessel or to an identifiable group of vessels that is substantial in both duration and nature. <u>Chandris v. Latsis</u>, Id.

In support of the Motion for Partial Summary Judgment, Trussco submitted the deposition of Jennings Freeman, the sworn affidavit of Shawn Rice, General Manager of Trussco, and responses to Freeman's discovery interrogatories. The evidence submitted establishes the fact that Trusco does not own and/or operate any kind of vessel. Further, Mr. Freeman can not identify any employment connection to a vessel owned by Trusco which would enable him to claim seaman status.

The opposition to Trusco's Motion for Summary Judgment is primary based on the argument that discovery is still incomplete. On August 17, 2006, this Court held Oral Arguments on Trusco' Motion for Partial Summary Judgment. At the hearing, the court ordered Trusco to provide responses to Freeman's discovery request, and allowed Mr. Freeman and Trusco to file additional briefs, if necessary, which might establish Mr. Freeman as a Jones Act seaman. No new evidence was submitted by either party in support of Mr. Freeman's seaman status claim. Based on the record and evidence before the court and noting that no genuine issue of material fact is in question, the court hereby finds that Mr. Freeman is not a Jones Act seaman and defendant is entitled to judgment as a matter of law.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the _13th_ day of _September_, 2006.

RICHARD T. HAIK, SR.
U.S. DISTRICT JUDGE